(Decided April 1st, 1897).

---

## ROBERT M. ROTHER *vs.* TRUSTEES OF SHARP STREET STATION OF THE METHODIST EPISCOPAL CHURCH IN THE CITY OF BALTIMORE.

*Adverse Possession—Religious Societies—Marketable Title.*

Land was conveyed to trustees for certain charitable and religious uses by two grantors in 1802 and 1811. The plaintiff, a religious corporation which was incorporated in 1832, took possession of this property in that year and has since held it in opposition to the trusts set forth in the original deeds and under claim of right. Plaintiff's charter provided that the corporation should have power to dispose of its property with the consent of two-thirds of the male members of the church. Defendant agreed to lend a sum of money to be secured by mortgage upon this property. Upon a bill of specific performance of this contract, the heirs of the grantors in the original deeds to the trustees were made parties by summons or publication. *Held,* that the plaintiff's adverse possession of the land having continued for more than twenty years was sufficient to constitute a good and marketable title.

Appeal from a decree of the Circuit Court of Baltimore City.

The cause was argued before McSherry, C. J., Fowler, Page, Boyd and Russum, JJ.

*Alfred S. Niles, Oscar Wolff* and *C. A. Tucker*, for the appellant, submitted the cause on their brief.

*John Prentiss Poe* and *W. Ashbie Hawkins* (with whom was *George G. Carey* on the brief), for the appellee.

Page, J., delivered the opinion of the Court.

The bill in this case was filed by the appellee to obtain a declaration that the title to the property in question is good and marketable, and to require the appellant to specifically execute his contract. The same matter has been before this Court once before; its decision will be found in 83 Md. 289. The relief asked for then, and now, was refused in that case for the reasons: 1st. The heirs of John Sinclair, the grantor in the deeds of the 30th of May, 1811, and of the 30th of August, 1833, and the heirs of James Carey, the grantor in the deed of the 15th of May, 1802, were not made parties to the proceeding; and 2nd. Upon the evidence disclosed by the record, the character of the appellees' possession of the premises was not sufficiently made to appear.

It is contended here that both of these objections are now fully met. The appellant admits in his answer, " that if the proof herein taken shall show that all the parties having any interest in the determination of the question of the title are parties," and if this Court shall determine the appellees' title to be good and marketable, he is ready to make the loan.

The bill shows that John Sinclair has long since departed this life, being at the time a non-resident of the State, and that his heirs are unknown to the appellees, although they have used the " utmost diligence to discover them." Notice by publication was made as to them in pursuance of an order of the Court. It is quite sufficient to say concerning the heirs of James Carey, they have all been made parties, and are now before the Court by actual notice, by summons, or by order of publication. There is in this case proof other

than that contained in the first, and the only question that now remains for us to determine is, does all the evidence as we now have it, establish a clear title in fee, in the appellees, by adversary possession.

The appellees were incorporated in 1832. On the 18th of July of that year, at a meeting of the male members of the church, held in pursuance of the Act of Assembly, the corporation was organized and a certificate thereof filed for record. By that it appears certain trustees were appointed, and it was declared that " all the lands and tenements " and " all other property of the said church was vested in the corporation, with full power in the latter, with the consent of two-thirds of the male members, to sell, lease, convey or otherwise dispose of it." The evidence shows that declaration is applicable to the property affected by these proceedings, and amounts to an emphatic statement of a claim and intention to hold the same hostile to and clear of all the trusts contained in the several deeds of Carey and Sinclair. And ever since that date the trustees have so held it. Without the leave, license or permission of any one, but claiming in their own right, the trustees mentioned in the certificate and their successors duly appointed have continuously maintained an open, notorious and exclusive possession, and used and enjoyed it for any and every purpose, to which they saw fit to devote it, within the powers conferred on the corporation which they represent.

Such a possession having continued uninterruptedly for more than twenty years, is quite sufficient to afford the presumption of a deed conferring upon the appellees a title in fee, good and marketable. *Sadtler* v. *Peabody H. Co.*, 66 Md. 4.

*Decree affirmed.*

(Decided April 1st, 1897).